**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNUM GROUP, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. 4:16-CV-40154-TSH |
| v. | ) | |
| | ) | |
| TIMOTHY P. LOFTUS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND FOR COSTS AND FEES (Docket No. 10) and PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Docket No. 4)**

**December 6, 2016**

**HILLMAN, D.J.**

Plaintiff Unum Group brings this action against a former employee, Timothy Loftus, after Loftus removed numerous company documents from Unum's facility without authorization, and refused to return them. Unum asserts claims for misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836(b)(1) (Count I) and the Massachusetts Trade Secrets Act (Count II), and for conversion (Count III). Unum filed the present motion for injunctive relief seeking to i) enjoin Loftus from copying the documents, ii) compel Loftus and his counsel to return all of the documents and any of Unum's other trade secret or confidential information in his possession, and iii) enjoin Loftus from receiving a mirrored copy

of the hard drive of his company laptop[1] until Unum has removed or redacted files containing trade secrets or confidential information. Loftus opposes the preliminary injunction on the grounds that his actions are exempted under § 1836(b) of the DTSA, which provides immunity under any federal and state trade secret laws to individuals who disclose trade secrets in confidence to an attorney, "solely for the purpose of reporting or investigating a suspected violation of law."[2] Loftus also moves to dismiss the complaint for the same reason, and argues that dismissal of the DTSA claim, which provides the basis for this court's subject matter jurisdiction under 28 U.S.C. § 1331, extinguishes the court's supplemental jurisdiction over the remaining state law conversion claim under 28 U.S.C. § 1367. For the reasons detailed below, Loftus's motion to dismiss the complaint (Docket No. 10) is ***denied***, and Unum's motion for a preliminary injunction (Docket No. 4) is ***granted***.

## Background

Plaintiff Unum Group is a provider of financial protection benefits, including disability benefits, life insurance, and accident coverage. Loftus began his employment with Unum in 1985, and, in 2004, was promoted to Director of Individual Disability Insurance ("IDI") Benefits. Within that role, Loftus had access to confidential information regarding Unum's employees and customers, including customer health information, and various trade secrets related to Unum's business. Unum maintains numerous practices to protect the security of its trade secrets and client and employee confidential information, including confidentiality agreements and policies,

---

[1] On September 29, 2016, Loftus removed a company laptop from the Unum facility, but returned the laptop to Unum on October 24, 2016, after both parties executed an agreement stating its contents would be preserved.

[2] The suspected violation of law Loftus is reporting or investigating remains unclear. Loftus has indicated that he is contemplating a whistleblower action, as well as claims for retaliation and wrongful termination.

employee training, and data encryption.  Loftus executed numerous confidentiality agreements throughout his tenure at Unum.

On September 21, 2016, Loftus was interviewed by Unum's in-house counsel as part of an internal investigation into claims practices.  The following Sunday afternoon, September 25th, Loftus entered Unum's Worcester facility, and was captured on surveillance video leaving the building with two boxes and a briefcase.  On Tuesday, September 27th, after leaving work in the afternoon, Loftus was seen on video returning to Unum's offices around 7:45pm, and exiting the building an hour later with a shopping bag full of documents.

An Unum officer investigating Loftus's removal of documents telephoned Loftus on Thursday morning, September 29th, but Loftus refused to respond to questions regarding the printing and removal of documents from Unum's office.  Shortly thereafter, Loftus was seen leaving Unum's office with his company laptop and a shopping bag which appeared to be full.  Less than an hour after his departure, Unum "Employee Relations" representatives called Loftus and asked him to return the laptop, and he agreed to do so that day.  At 3pm on the same day, counsel for Loftus notified Unum that the laptop would be returned the same day, however, the laptop was not returned.

Unum made numerous requests to Loftus's attorney throughout October for the return of the laptop and documents.  While the company laptop was returned to Unum on October 24, 2016, the documents Loftus removed from the Unum office have not been returned.  In addition, counsel for Loftus has made copies of the documents in counsel's possession.  Unum maintains that it is highly likely that the documents removed by Loftus contain confidential customer and employee information, and or trade secrets, including protected health information, and that Unum may now

be required by law to notify all individuals whose private health information was contained in the documents of an unauthorized disclosure.[3]

## Discussion

### A. *Loftus's Motion to Dismiss the Complaint*

Loftus asks this court to dismiss Unum's federal and state law claims for trade secret misappropriation on the grounds that he turned over the documents he removed from Unum to his attorney to report and investigate a violation of law, and is therefore immune from any liability for trade secret misappropriation pursuant to 18 U.S.C. § 1833(b). Section 1833(b) shields individuals from liability under any federal or state trade secret law for disclosure of a trade secret made "in confidence . . . to an attorney . . . solely for the purpose of reporting or investigating a suspected violation of law."

"As a general rule, a properly raised affirmative defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." *Rodi v. Southern New England School of Law*, 389 F.3d 5, 12 (1st Cir. 2004).

Loftus does not deny that the documents he removed contain trade secrets. While Loftus contends that he is entitled to immunity under the DTSA because he handed Unum's documents over to his attorney to pursue legal action against Unum for alleged unlawful activities, the record lacks facts to support or reject his affirmative defense at this stage of litigation. There has been no discovery to determine the significance of the documents taken or their contents, and

---

[3] Both the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and Mass. Gen. Laws ch. 93H mandate notification to individuals whose personal information has been disclosed to an unauthorized person or used for an unauthorized purpose.

Loftus has not filed any potential lawsuit that could be supported by information in those documents.  Further, it is not ascertainable from the complaint whether Loftus turned over *all* of Unum's documents to his attorney, which documents he took and what information they contained, or whether he used, is using, or plans to use, those documents for any purpose other than investigating a potential violation of law.  Taking all facts in the complaint as true, and making all reasonable inferences in favor of Unum, the court finds the complaint states a plausible claim for trade secret misappropriation and declines to dismiss Counts I and II.

Loftus seeks dismissal of the claim for conversion on the grounds that disposal of the federal trade secret misappropriation claim that forms the basis for this court's jurisdiction renders dismissal of the state law claim appropriate.  However, as the trade secret misappropriation claims have survived dismissal, this argument fails.  Accordingly, the motion to dismiss the complaint is denied.

*B.  Unum's Motion for Preliminary Injunction*

The court weighs four factors in determining whether to grant a preliminary injunction: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc.*, 370 F.3d 151, 158 (1st Cir. 2004).  "The sine qua non of this four-part inquiry is likelihood of success on the merits." *New Comm Wireless Services, Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

To prevail on a claim for conversion under Massachusetts law, a "plaintiff must show that (1) the defendant intentionally and wrongfully exercised control or dominion over the

personal property; (2) the plaintiff had an ownership or possessory interest in the property at the time of the alleged conversion; (3) the plaintiff was damaged by the defendant's conduct; and (4) if the defendant legitimately acquired possession of the property under a good-faith claim of right, the plaintiff's demand for its return was refused." *U.S. v. Peabody Const. Co., Inc.*, 392 F.Supp.2d 36 (D. Mass 2005) (citing *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95 (1st Cir. 1993).

Unum alleges that Loftus was seen on surveillance videos removing multiple file boxes, shopping bags and briefcases full of documents from their facility after hours without authorization, and has refused to return them. Further, the defendant conceded at the hearing on the preliminary injunction on November 30, 2016 that Unum has stated a colorable claim for conversion, and argues only that the court lacks supplemental jurisdiction over the state law claims if the federal trade secret misappropriate claim that forms the basis of this court's jurisdiction is dismissed.[4] However, the court has declined to dismiss the federal claim, as discussed above, and finds Unum is likely to succeed on the merits of its conversion claim. The court will not address the likelihood of success on the merits of the claims for trade secret misappropriation that have already survived dismissal under 12(b)(6), because the court finds Unum's conversion claim alone is sufficient to warrant the injunction Unum seeks.

Regarding the remaining factors to be considered in deciding a motion for preliminary injunction, all weigh in favor of Unum. There is no question regarding the potential for irreparable harm if the injunction is denied; the documents contain an unknown number of trade

---

[4] The defendant is mistaken. "In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256-57 (1st Cir. 1996).

secrets and potentially unquantified amounts of private health information that could cause irreparable damage to Unum's business if released. In addition, there is minimal hardship to Loftus in requiring the documents be returned, as he can request them during discovery if he proceeds with a lawsuit against Unum.[5] The hardship to the plaintiff is readily apparent. Unum has a substantial business risk in that it is unable to assure any customers or employees that its information is secure because it has a possible uncontained breach of confidential information. Unum's interest in recovering its documents also has a substantial overlap with the public interest. Confidential health information should not be held hostage to an unfiled lawsuit, and Unum's customers who are not yet on notice that their health information could have been compromised will be well served by Unum's efforts to contain this information breach.

This court recognizes the substantial public interest in facilitating whistleblower actions, however, no whistleblower suit has been filed. Unum does not know what Loftus took or what he is going to do with it. Loftus's self-help discovery and threat of potential action in the future are not mitigated by the existence of an actual lawsuit.

## Conclusion

For the reasons set forth above, Defendant's motion to dismiss and for costs and fees (Docket No. 10) is ***denied***, and Plaintiff's motion for preliminary injunction (Docket No. 4) is ***granted***.

1. The Defendant, his attorney, or anyone acting on his behalf is ordered to deliver any documents taken from Unum, whether in paper or electronic form, or any computer

---

[5] Obviously, the discoverability of these documents remains an open question to be decided on the facts of whatever collateral action is filed.

peripherals taken from Unum, to the court on or before the close of business on December 7, 2016.

2. The Defendant and his counsel are ordered to destroy all copies of any documents taken from the plaintiff and ordered not to make additional copies. The Defendant is further ordered not to deliver any of the above referenced documents to any third party without the express permission of this court.

3. The Plaintiff is ordered to make a mirror image of the computer hard drive and flash drive. Plaintiff is further ordered to make copies of any documents on the laptop or flash drive and deliver them to the court on/before close of business December 7, 2016. The contents shall be included in the index referenced in paragraph 4.

4. The parties are ordered to meet and to confer on or before January 13, 2017, and prepare an index of the documents that have been delivered to the court. This index shall, for the time being, be filed under seal.

5. The Defendant, and counsel for the Defendant, shall file an affidavit signed under the pains and penalties of perjury, setting forth whether the original or any copies of the documents referenced above have been given to any third party, and if so, the circumstances under which said documents were given.

Once the index of documents referenced in paragraph 4 has been prepared and filed with the court, the plaintiff may move to have the above referenced documents returned to their custody.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**